SILAS W. HENNESSEY, JR. AND KATHLEEN W. HENNESSEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
HENNESSEY v. COMMISSIONER
Docket No. 7654-78.
United States Tax Court
T.C. Memo 1980-320; 1980 Tax Ct. Memo LEXIS 263; 40 T.C.M. (CCH) 984; August 18, 1980, Filed *263 Held, petitioners failed to substantiate meals and lodging expenses in excess of amounts allowed by respondent. Silas W. Hennessey, Jr., pro se. Kenneth W. McWade, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $1,407 in petitioners' 1976 Federal income tax. After concessions the remaining issue for decision is whether *264 petitioner is entitled to deduct claimed meals and lodging expenses in excess of the amount allowed by respondent. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Silas W. Hennessey, Jr. (hereinafter petitioner), and Kathleen W. Hennessey, husband and wife, resided in Seattle, Washington, when they filed their 1976 joint Federal income tax return with the Western Service Center, Ogden, Utah, and when they filed their petition in this case. During 1976, petitioner was employed as a field service engineer by the Boeing Company (hereinafter Boeing). As part of his employment, petitioner was temporarily assigned to work at Edwards Air Force Base near Palmdale, California, for 246 days in 1976. During the year 1976, Boeing reimbursed its employees for travel expenses at the rate of $20 per day for meals and lodging. In connection with petitioner's temporary work assignment at Edwards Air Force Base, Boeing reimbursed him a total of $4,920 for meals and lodging expenses incurred during 1976. On his 1976 joint Federal income tax return, petitioner claimed a $10,332 travel expense deduction, representing the cost of meals and lodging for *265 246 days computed on the basis of $42 per day. Petitioner reported the $4,920 reimbursement from Boeing on his return as miscellaneous income. The records maintained by petitioner do not substantiate employee business expenses in excess of the $4,920 reimbursed by Boeing. In his notice of deficiency, respondent disallowed petitioner's claimed deduction for travel expenses in excess of $4,920 for failure of substantiation. OPINION We must decide whether petitioner's claimed travel expenses while away from home in 1976, in excess of the amounts allowed by respondent, are deductible. Section 162(a)(2) [1] allows a deduction for traveling expenses, including amounts expended on meals and lodging while away from home in the pursuit of a trade or business. Section 274(d) provides that no deduction shall be allowed under section 162 for any travel expense unless the taxpayer substantiates by adequate records or sufficient evidence corroborating his own statement, among other things, the amount of such expense. In the instant case, petitioner has made no attempt to substantiate the disputed portion *266 of the claimed travel expenses. Instead, petitioner merely contends that he is entitled to claim a daily travel expense deduction of $42 without compliance with section 274. He supports this position by arguing that Rev. Rul. 63-13, 1963-1 C.B. 69, Rev. Rul. 71-412, 1971-2 C.B. 170 and Rev. Rul. 74-433, 1974-2 C.B. 92, which deem certain reimbursed employee business expenses as substantiated for purposes of section 274, discriminate against taxpayers such as petitioner who are not fully reimbursed by their employers. This same argument was previously made by petitioner and rejected by this Court in Hennessey v. Commissioner,T.C. Memo. 1969-209, Hennessey v. Commissioner,T.C. Memo. 1977-55, and Hennessey v. Commissioner,T.C. Memo. 1977-272, the only difference being the amount treated as substantiated under the applicable revenue ruling, Rev. Rul. 63-13 (providing for $25 per day), superseded by Rev. Rul. 71-412 (providing for $36 per day) and further superseded by Rev. Rul. 74-433 (providing for $44 per day). Petitioner acknowledges these prior decisions, but *267 maintains that "the environment concerning public permissiveness of bureaucratic taxing discrimination has changed." We consider this argument frivolous. Moreover, for the same reasons expressed in our prior decisions involving petitioner, we also reject his discrimination argument in this case. Since petitioner has failed to comply with the substantiation requirements of section 274, he is entitled to deduct only the amount allowed by respondent in his notice of deficiency.
To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩